UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBIN SCHUMACHER,

                Plaintiff,

    -against-

                                             Index No.05-CV-0753
                                             GLS/DRH

NEW YORK STATE OFFICES OF PARKS
RECREATION AND HISTORIC PRESERVATION,
PETER BEAUDRY and CHERYL GOLD, as aiders
and abettors and as necessary parties, NEW YORK
STATE DEPARTMENT OF CIVIL SERVICE and
NEW YORK STATE DEPARTMENT OF AUDIT
AND CONTROL,

                Defendants.
_____

**MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT BEAUDRY'S MOTION FOR SUMMARY PURSUANT TO F.R.C.P. RULE 56**

                                          Joseph P. McGovern, Esq.
                                          Attorney for Defendant Peter Beaudry
                                          5 Wilson Street
                                          Albany, NY 12207
                                          Bar Role #506219

TABLE OF CONTENTS

Statement of Facts                                                                Page 3

Point One                                                                         Page 4

A. Schumacher's Amended Complaint fails to state a cause of action
for sexual harassment                                                             Page 5

B.  Schumacher's Amended Complaint fails to state a cause            Page 7
of action for retaliation.

C. Plaintiff Schumacher filed her charge of discrimination            Page 8
or about April 10, 2000. Claims outside of 300 days and three years are time barred.
The continuing violation doctrine does not apply.


Conclusion                                                                        Page 10

## STATEMENT OF FACTS

Plaintiff Robin Schumacher (hereinafter "Schumacher") and Defendant Peter Beaudry (hereinafter "Beaudry") were employed by the NYS Office of Parks, Recreation and Historic Preservation and assigned to the NYS Saratoga Park. Plaintiff Robin Schumacher continues to be employed by the NYS Office of Parks, Recreation and Historic Preservation (hereinafter "NYSOPRHP") as a Grade 12, Sign Painter.

In addition to her NYS employment Schumacher has operated her own sign painting business during the entire period of her employment with NYSOPRHP. (Tr.pg.23-24.) In addition to her NYSOPRHP with overtime and self–employment she cleans an office building one night per week for $50.00. (Tr.pg.25-26.) Schumacher allegations of an inability to function are contrived.

Schumacher testified that she received the employees' handbook and that she was familiar with the employer's procedures pertaining to sex harassment complaints. (Tr.pg.31-32) Schumacher evidenced her understanding of the complaint procedures in her testimony regarding the McGreevy event. She testified that she went to his supervisor in order to address his conduct (Tr.pg.49.) and that going to his supervisor was consistent with the employee's handbook and the sexual harassment training. (Tr.pg.49) Schumacher now believes the McGreevy event did not constitute sexual harassment (Tr.pg.49)

Schumacher testified regarding her allegations of sexual harassment. The alleged, "horse bite" unknown date. (Tr.pg.50, 60-61.)  Schumacher testified that Beaudry pinch and poke her sides constantly 2 to 3 times per week beginning 1988 or 1989. (Tr.pg.50-51) Schumacher was unable to identify a date in which this occurred. (Tr.pg.50) She testified this occurred in the break room of the maintenance building or the grounds (Tr.pg.51) Schumacher stated that she did not report being pinched (Tr.pg.51) and said nothing to Beaudry (Tr.pg.52.) Schumacher stated that she was slapped

in the rear 20 times starting 1990 and reported this to no one. (Tr.pg.54) The last time was in 1999 (Tr.pg.55) and did not report this to anyone. (Tr.pg.55) These events allegedly occurred in the break room or in the field.   Schumacher believes she was thrown in the back of pickup truck maybe in 1997 or 1998  (Tr.pg.58-59) Schumacher then provides the dates May 6, 1999, May 20, 1999 April 28, 1999 which Schumacher believes she was slap on the rear end. (Tr.pg.59) Schumacher later stated that on April 28, 1999, Beaudry grabbed her waist and reached inside her overalls. (Tr.pg.64) The August 5, 1999, is Beaudry touching Schumacher in the chest. (Tr.pg.59) Schumacher is now adamant that Beaudry touched her both breasts ("twittered") however in her Amended Complaint paragraph 21she alleges, "Beaudry put his hand down her shirt and touched between her breasts." Schumacher testified regarding offensive comments referring to the McGreevy events in 1989, among other statements she attributes to Beaudry with a lack of specificity. (Tr.pg.65)

In her conversation with Cheryl Gold on August 6, 1999, Schumacher did not allege any other improper conduct by Beaudry other than the event of August 5, 1999. (Tr.pg.94) Schumacher stated that she did not file a complaint with Gold at that time because she thought she was doing the right thing. Schumacher understood she could file a complaint. (Tr.pg.94-95) Schumacher never mentioned not filing a complaint because she feared Beaudry or retaliation.

## POINT ONE

The Court must determine whether there exists a genuine issue for trial so as to defeat defendant's motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

> [T]he issue of material fact required . . . to be
> present to entitle a party to proceed to trial is not
> required to be resolved conclusively in favor of the

> party asserting its existence; rather, all that is
> required is that sufficient evidence supporting the
> claimed factual dispute be shown to require a jury or
> judge to resolve the parties' differing versions of
> the truth at trial. Kessler v. Westchester Cty. Dept., Soc. Serv.,
> 461 F.3d 199 (2nd Cir. 2006)

An issue of fact is "material" for these purposes is a fact that might affect the outcome of the suit under the governing law, while an issue is genuine if the evince is such that a reasonable jury could return a verdict for the non-moving party. Konikoff v. Prudential Ins.Co. of Am. 234 F.3d 92 (2nd Cir.2000). The non-moving party may not rest upon mere allegations or denials. Statements that are devoid of any specifics but replete with conclusions are insufficient to defeat a properly supported motion for summary judgment. Little v. National Broadcasting Co.,210 F.Supp.2d 330 (SDNY 2002).

**A. Schumacher's Amended Complaint fails to state a cause of action for sexual harassment**

Schumacher's Amended Complaint fails to allege facts to support a claim of sexual harassment. Schumacher's Amended Complaint para.17 alleges:

> " Beginning on or about 1995 and continuing to the present day, Peter Beaudry began a continuous course of sexual harassment. This harassment included pinching, slapping my rear end, touching (buttocks and other personal areas), reaching into my shirt as well as sexual comments, requests for sexual favors and lewd looks and comments.

Schumacher's Amended Complaint para.20 alleges:

> "More specifically on or about August 4, 1999 a handout about organ donor program was given to Ms. Schumacher and others along with their paychecks. Beaudry asked Schumacher to donate her breast to him.

Schumacher's Amended Complaint para.21 alleges:

"On August 5, 1999, Beaudry put his hand down her shirt and touched her between her breast." These paragraphs constitute the entirety of her complaint of sexual harassment.

Plaintiff impermissibly attempts to broaden the scope of the Amended Complaint. Plaintiff should be bound by her allegations in the Amended Complaint. Plaintiff's Amended Complaint, NYSDHR charge, plaintiff's affidavit in opposition to summary judgment and Schumacher's deposition allege different dates, times, and events. Additionally, allegations not contained the NYSDHR charge should be barred as failing to exhaust administrative remedies under a Butts v. City of New York Dep't of Hous. Pres. & Dev.,990 F.2d 1397, 1401 (2d Cir. 1993) analysis.

Ultimately defendants must defend the complaint and the allegations contained therein. In the alternative, if the Court was to broaden the scope of the Amended Complaint under a liberal pleading analysis defendant submits that there exists no rational material triable issue of fact.

Defendant submits that plaintiff fails to state a cause of action for sexual harassment. Applying the standard set forth in Meritor Sav.Bank, FSB v. Vinson, 477 U.S. 57, and Harris v. Forklift Systems, Inc., 510 U.S.17, 114 S.Ct.367, 370 (1993) for hostile work environment sexual harassment there is no evidence that Schumacher's workplace was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of the Schumacher's employment and create an abusive working environment. The amended complaint lacks specificity to determine the alleged frequency and severity of the conduct.  Plaintiff does not allege that conduct interfered with the plaintiff's work performance. Plaintiff does not allege she lost time from work or lost income from NYS employment or from her outside business. To the contrary, plaintiff alleges that her work product was excellent and that she deserved a promotion and upgrade of her position.

If the Court was to consider the single incident of August 5, 1999, defendant submits that the conduct was isolated and not extraordinarily severe so as to create a hostile environment. Plaintiff alleges (A.Complaint, para.21.) that Beaudry "touch her between her breast," Schumacher does <u>not</u> allege Beaudry touched her breast. After the meeting of August 6, 1999, between Gold, Beaudry and Schumacher the incident was resolve with Beaudry's apology. It was not until Schumacher became aware of Beaudry's upgrade that Schumacher decided to file a formal complaint. The fact that the incident was resolve with an apology and it was the upgrade that triggered the formal complaint is evidence that Schumacher did not consider the incident extraordinarily severe. Schumacher believe the matter was resolved and did not want to file a complaint believing it was the right thing to do. Schumacher Deposition, pg.95.

**B. Schumacher's Amended Complaint fails to state a cause of action for retaliation.**

To establish a prima facie case for retaliation, a plaintiff must demonstrate participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the materially adverse employment action. <u>Johnson v. Palma</u>, <u>931 F.2d 203</u>, 207 (2d Cir.1991), <u>Forrest v. Jewish Guild for the Blind</u>, 3 NY3d 295; <u>Kessler v. Westchester Cty.Dept.Soc.Serv</u>., 461 F.3rd 199 (2nd Cir.2006)

Plaintiff alleges that she was retaliated and the retaliation took the form of dirty looks, disciplinary memos, oral counseling and complaints about her work performance of work area. See Amended Complaint para.19. We now know that there were no disciplinary memos. Schumacher was given at least two counseling memos that were not made part of her personnel record and are not a form of discipline. There is no record of any other counseling memos. The bottom line is that

no adverse action was taken against Schumacher. Schumacher continue to work full time in her regular capacity as well as pursuing her outside business activities. She worked overtime and received all pay increments. Her work location remained the same and she received satisfactory performance evaluations.

Schumacher alleges that she was ostracized in retaliation for her complaint. However in her deposition pages 114-125 she refers to several co-workers who once spoke to her on a regular basis who stopped for a period of time during the investigation and then after the investigation continue to speak with her. There were other employees who continue to speak with her during the investigation. Beaudry took no action against Schumacher and Schumacher does not allege any material adverse employment action by Beaudry as a result of her complaint.

### C. Plaintiff Schumacher filed her charge of discrimination or about April 10, 2000. Claims outside of 300 days and three years are time barred. The continuing violation doctrine does not apply.

In New York, Title VII claims must be filed with the EEOC or dual-filed with the NYSDHR within 300 days of the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e)(1). If a Plaintiff fails to file a timely charge with the EEOC, the claim is time-barred. See Butts v. The City of New York Department of Hous. Preservation and Development, 990 F.2d 1397, 1401 (2d Cir. 1993). NYSHRL claims must be filed in court within three years of the alleged discriminatory act. See N.Y. Exec. Law §297(9); Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997). A claim is time-barred and must be dismissed if it was not filed in court within this time period. See Strassberg v. Hilton Hotels Corp., No. 99 Civ. 0683, 1999 WL 605467, (S.D.N.Y. Aug. 11, 1999), *aff'd,* 216 F.3d 1073, (2d Cir. 2000).   Pursuant to the "continuing violation" doctrine, a plaintiff may bring an otherwise time-barred discrimination claim where the alleged acts of discrimination occurred pursuant to an ongoing policy of

discrimination. See Annis v. County of Westchester, 136 F.3d 239, 245-46 (2d Cir. 1998). A continuing violation may be found where there is proof of specific ongoing discriminatory polices or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir. 1994). Where a continuing violation can be shown, the plaintiff is entitled to bring suit challenging all conduct that was a part of that violation, even conduct that occurred outside the limitations period. *Id.*   The courts of this Circuit have generally been loath to invoke the continuing violation doctrine and will apply it only upon a showing of compelling circumstances. Falinski v. Kuntz, 38 F. Supp.2d 250, 257 (S.D.N.Y. 1999) (quotation marks omitted); see also Crosland v. The City of New York, 140 F. Supp.2d 300, 307 (S.D.N.Y. 2001); Lloyd v. WABC-TV,  879 F. Supp. 394, 399 (S.D.N.Y. 1995). A continuing violation may not be premised on discrete incidents of discrimination that are not related to discriminatory policies or mechanisms. Falinski, 38 F. Supp.2d at 257. Thus, completed acts such as a termination through discharge or resignation, a job transfer, or discontinuance of a particular job assignment, are not acts of a continuing nature. Malarkey v. Texaco, 559 F. Supp. 117, 121 (S.D.N.Y. 1982), *aff'd,* 704 F.2d 674 (2d Cir. 1983) (per curiam). Nor can a continuing violation be established merely because the claimant continues to feel the effects of a time-barred discriminatory act or merely because the claimant continues his or her employment. Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999) (citing Lightfoot, 110 F.3d at 907 and Delaware State College v. Ricks, 449 U.S. 250, 257, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)). Rather the claimant must

allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy. *Id.*

In the present case, the Amended Complaint paragraph 17, does not allege with any specificity actual dates of events believed to constitute sexual harassment. Plaintiff failed to amend her complaint in order to provide dates of alleged offenses. The Amended Complaint, paragraph 17, narrows the period from "beginning on or about 1995 and continuing to the present day." It is clear that there is a substantial disconnect in time from her allegations of August 4, 1999 to anything that she alleges happed in 1995. The events testified to at her deposition are all very discrete isolated events without any permanence such as an employment termination. Certainly in light of her experience in the McGreevy matter Schumacher had an awareness of the need to come forward and assert her claims.

## CONCLUSION

There is no genuine issue of material fact so as to defeat this defendant's Motion of Summary Judgment. The Amended Complaint and subsequent evidence of the allegations contained therein fail to state a cause of action for sexual harassment or retaliation. Plaintiff impermissibly attempts to broaden the scope of her complaint. Allegations contained in Amended Complaint paragraph 17 should be time barred. Allegations in the Complaint no otherwise contained in the NYSDHR charge should be barred under Butts. Beaudry has no liability under Title VII or NYS Human Rights Law at his management level. There is not evidence of retaliation or adverse employment action. NYS is not liable and Beaudry is not an aider and abettor under NYS Human Law. Defendant Beaudry respectfully requests that this motion be granted in its entirety.

Dated: April 1, 2007                                    /S/ Joseph P. McGovern, Esq.
                                                        Bar Role #506219

Case 1:05-cv-00753-GLS-DRH   Document 45   Filed 04/02/07   Page 12 of 12